# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLIANCE INDUSTRIES LIMITED and ALLIANCE INDUSTRIES, FZC, | : | Civ. A. No. 13-2510-MMB |
|        v. | : | |
| A-1 SPECIALIZED SERVICES & SUPPLIES, INC. | : | |
| | : | |
| IMPALA PLATINUM HOLDINGS LIMITED, et al., | : | |
|        v. | : | Civ. A. No. 13-2930-MMB |
| A-1 SPECIALIZED SERVICES & SUPPLIES, INC., et al. | : | |
| | : | |
| IMPALA PLATINUM HOLDINGS LIMITED and IMPALA REFINING SERVICES LIMITED, | : | |
|                   Plaintiffs, | : | |
|        v. | : | Civ. A. No. 16-1343-MMB |
| | : | |
| A-1 SPECIALIZED SERVICES & SUPPLIES, INC., SLOGAM LIMITED PARTNERSHIP, SURESH K. KHOSLA, ASHOK KUMAR KHOSLA, OM P. KHOSLA, LEENA KHOSLA, RAJESH SETH, MICHAEL O'HAYER, and ALLIANCE INDUSTRIES LIMITED, OM P.             Defendants. | : | |

## ORDER

AND NOW, this ____ day of _____, 2016 upon consideration of the Motion of

Impala Platinum Holdings Limited and Impala Refining Services Limited (collectively, "Impala")

for Leave to Assert Claims Against Michael O'Hayer and Rajesh Seth, and any responses thereto,

it is hereby ORDERED that Impala's Motion is GRANTED, and that Impala is given leave to include claims against Michael O'Hayer and Rajesh Seth in the Amended Complaint.

BY THE COURT:

_____
, J.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| ALLIANCE INDUSTRIES LIMITED and<br>ALLIANCE INDUSTRIES, FZC,<br>            v.<br>A-1 SPECIALIZED SERVICES & SUPPLIES,<br>INC. | : | Civ. A. No. 13-2510-MMB |

_____

| | | |
|---|---|---|
| IMPALA PLATINUM HOLDINGS LIMITED,<br>et al.,<br>            v.<br>A-1 SPECIALIZED SERVICES & SUPPLIES,<br>INC., et al. | : | Civ. A. No. 13-2930-MMB |

_____

| | | |
|---|---|---|
| IMPALA PLATINUM HOLDINGS LIMITED<br>    and<br>IMPALA REFINING SERVICES LIMITED,<br>                  Plaintiffs,<br>            v.<br><br>A-1 SPECIALIZED SERVICES<br>& SUPPLIES, INC., SLOGAM LIMITED<br>PARTNERSHIP, SURESH K. KHOSLA,<br>ASHOK KUMAR KHOSLA,<br>OM P. KHOSLA, LEENA KHOSLA,<br>RAJESH SETH, MICHAEL O'HAYER, and<br>ALLIANCE INDUSTRIES LIMITED,<br>OM P.                  Defendants. | : | Civ. A. No. 16-1343-MMB |

_____

## MOTION OF IMPALA PLATINUM HOLDINGS LIMITED AND
## IMPALA REFINING SERVICES LIMITED FOR LEAVE TO ASSERT
## CLAIMS AGAINST MICHAEL O'HAYER AND RAJESH SETH

Pursuant to the Court's Order dated August 3, 2016, Impala Platinum Holdings Limited

and Impala Refining Services (collectively, "Impala") respectfully move for leave to assert the

claims against Michael O'Hayer and Rajesh Seth set forth in the Amended Complaint filed by

Impala on August 2, 2016.  The grounds supporting this Motion are set forth in the accompanying

Memorandum of Law.

Respectfully submitted,

_s/Richard L. Bazelon_____

Richard L. Bazelon, Esq.
PA ID No. 02505
Lisa A. Barton, Esq.
PA ID No. 78139
Michael F.R. Harris, Esq.
PA ID No. 56948
BAZELON LESS & FELDMAN, P.C.
One South Broad Street, Suite 1500
Philadelphia, PA 19107
Tel. (215) 568-1155

Date:   August 10, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2016, the Motion of Impala Platinum Holdings Limited and Impala Refining Services Limited for Leave to Assert Claims Against Michael O'Hayer and Rajesh Seth was served electronically on all counsel using the Court's ECF system, and is available for viewing and downloading from that system.

/s/ Michael F.R. Harris
Michael F.R. Harris

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————

| | | |
|---|---|---|
| ALLIANCE INDUSTRIES LIMITED and<br>ALLIANCE INDUSTRIES, FZC,<br>        v.<br>A-1 SPECIALIZED SERVICES & SUPPLIES,<br>INC. | : : : : : : : | Civ. A. No. 13-2510-MMB |

———————————————————————

| | | |
|---|---|---|
| IMPALA PLATINUM HOLDINGS LIMITED,<br>et al.,<br>        v.<br>A-1 SPECIALIZED SERVICES & SUPPLIES,<br>INC., et al. | : : : : : : | Civ. A. No. 13-2930-MMB |

———————————————————————

| | | |
|---|---|---|
| IMPALA PLATINUM HOLDINGS LIMITED<br>   and<br>IMPALA REFINING SERVICES LIMITED,<br>              Plaintiffs,<br>        v.<br><br>A-1 SPECIALIZED SERVICES<br>& SUPPLIES, INC., SLOGAM LIMITED<br>PARTNERSHIP, SURESH K. KHOSLA,<br>ASHOK KUMAR KHOSLA,<br>OM P. KHOSLA, LEENA KHOSLA,<br>RAJESH SETH, MICHAEL O'HAYER, and<br>ALLIANCE INDUSTRIES LIMITED,<br>OM P.                  Defendants. | : : : : : : : : : : : : : : : : | Civ. A. No. 16-1343-MMB |

———————————————————————

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF IMPALA PLATINUM HOLDINGS LIMITED AND IMPALA REFINING SERVICES LIMITED FOR <u>LEAVE TO ASSERT CLAIMS AGAINST MICHAEL O'HAYER AND RAJESH SETH</u>

In accordance with the Court's Order dated August 3, 2016, Impala Platinum Holdings

Limited and Impala Refining Services Limited (collectively "Impala") respectfully submit this

Memorandum of Law in Support of their Motion for Leave to Assert Claims Against Michael O'Hayer and Rajesh Seth.[1]

## I.        <u>Introduction and Summary of Argument</u>

Impala's claims in the above-captioned cases center on alleged fraudulent transfers, breaches of fiduciary duty, conversion, and related offenses committed by Om, Kumar, Suresh, and Leena Khosla, the four shareholder/directors of A-1 Specialized Services & Supplies, Inc. ("A-1"), and by Alliance Industries Limited ("Alliance"), a corporation owned and controlled entirely by Kumar.  The claims include alleged collusion and wrongdoing in connection with the settlement of three lawsuits (the "Bucks County Action," the "New Jersey Action," and the "Alliance Action") involving those parties, and the failure and refusal of the shareholder/directors of A-1 to place A-1 in bankruptcy with the intent that the shareholder/directors would convert the assets of A-1 for themselves during A-1's insolvency.  In addition, Slogam Limited Partnership, whose general partner is a corporation owned by Suresh, Kumar, and Om, is a defendant on the fraudulent transfer claims.

In the Amended Complaint filed on August 2, 2016, Impala asserted claims against two additional defendants, Michael O'Hayer and Rajesh Seth.  Mr. O'Hayer and Mr. Seth are important players in these cases.  Mr. O'Hayer became an officer of A-1 on May 29, 2015, the date of the settlement of the Bucks County Action involving A-1, Om, Suresh, Kumar, and Leena. Mr. O'Hayer, in his new capacity as an officer of A-1, signed the settlement agreements and related documents on behalf of A-1 on the same day.  Again, on September 15, 2015, Mr. O'Hayer

---

[1] The Court directed Impala to file this Motion "[s]ince Mr. O'Hayer is the only new party defendant in any of these cases."  Order, ¶ 1.  Because the Amended Complaint that Impala filed on August 2, 2016 added both Mr. O'Hayer and Rajesh Seth as new party defendants, Impala is seeking leave to assert claims against both Mr. O'Hayer and Mr. Seth.

executed the settlement agreements and related documents between A-1 and its shareholder/directors and Alliance.[2]

Mr. Seth – the son of the sister of Om, Kumar, and Suresh Khosla – is the only non-shareholder director of A-1, and is also the co-CEO of A-1. Claims are asserted against Mr. Seth in his role both as CEO of A-1 and as a director of A-1.

Mr. O'Hayer and Mr. Seth are named as defendants in the Amended Complaint on the claims for (1) breach of fiduciary duty (Count Three), (2) aiding and abetting the shareholder/directors in breaching their fiduciary duties and in converting the assets of A-1, while A-1 was insolvent, for themselves (Count Five), and (3) taking actions which substantially contributed to the deepening insolvency of A-1 (Count Eight).

Impala should be permitted to assert the claims against Mr. O'Hayer and Mr. Seth set forth in the Amended Complaint. After the defendants in Impala's original Complaint filed motions to dismiss, Impala had the right to amend the Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B). While courts in other federal jurisdictions have held that Fed. R. Civ. P. 21 requires Court approval to add additional defendants, the Courts in this Circuit have held that Rule

---

[2] A copy of the May 29, 2015 Confidential Settlement Agreement and Mutual General Release between A-1, Om, Suresh, Kumar, and Leena, executed by O'Hayer on behalf of A-1, is attached hereto as Exhibit 1. Exhibit A to that document is Promissory Note, whereby A-1 agreed to pay $6,475,527.39 to Om, and which was also executed by O'Hayer on behalf of A-1. A copy of the May 29, 2015 Deposit Account Control Agreement between A-1, Om, and PNC bank, whereby A-1 granted a first priority security interest, lien upon, and pledge upon, A-1's deposit accounts and account collateral, was executed by O'Hayer on behalf of A-1, and is attached hereto as Exhibit 2. A copy of the September 15, 2015 Confidential Settlement Agreement between A-1, Alliance, Om, Suresh, Kumar, Leena, Slogam Limited Partnership, and Slogam Enterprises Inc., executed by O'Hayer on behalf of A-1, is attached hereto as Exhibit 3. A copy of the September 15, 2015 Settlement Payment and Security Agreement between A-1 and Alliance, executed by O'Hayer on behalf of A-1, is attached hereto as Exhibit 4. A copy of the September 15, 2015 Settlement Payment and Security Agreement between A-1 and Leena Khosla, executed by O'Hayer on behalf of A-1, is attached hereto as Exhibit 5. A copy of the September 15, 2015 Promissory Note, whereby A-1 agreed to pay $10 million to Alliance, which was executed by O'Hayer on behalf of A-1, is attached hereto as Exhibit 6.

15(a)(1)(B) trumps Rule 21, and that the right to amend as a matter of course includes the right to add additional defendants to an amended complaint.

Even if Court approval were required, in its July 28, 2016 Order, this Court directed Impala to file an Amended Complaint, and "to state all claims it has, against any present party, or additional party, arising out of the factual nexus of the above-captioned cases in its Amended Complaint." Impala complied with the Court's Order, and any requirements of Rule 21 therefore have been satisfied. If any further Court approval is needed, it should be granted under the liberal amendment policies set forth in the Federal Rules of Civil Procedure and relevant case law.

## II.     Procedural History

Impala filed the original Complaint in No. 16-1343 on March 23, 2016. (Docket No. 1). Counsel for the defendants agreed to accept service of the Complaint on behalf of their respective clients, in exchange for plaintiffs' agreement to an extension of time to May 31, 2016 for defendants to respond to the Complaint. On April 20, 2016, the Court entered a Stipulation and Order extending the time for defendant Ashok Kumar Khosla ("Kumar") to respond to the Complaint to May 31, 2016. (Docket No. 4).

On May 18, 2016, at a hearing before the Court, counsel for each of the defendants requested a further extension of time, to June 21, 2016, for defendants to respond to the Complaint, and plaintiffs agreed to that request. On June 10, 2016, the Court entered a Stipulation and Order extending the time for defendants to respond to the Complaint to June 21, 2016. (Docket No. 18).

On June 21, 2016, defendants filed four motions to dismiss the Complaint. (Docket Nos. 21, 23, 25, 26). Pursuant to Fed. R. Civ. P. 6(d) and Eastern District Local Rule 7.1(c), the original deadline for plaintiffs to answer the motions to dismiss was July 8, 2016, and pursuant to Fed. R.

Civ. P. 6(d) and 15(a)(1)(B), the original deadline for plaintiffs to amend the Complaint in response

to the motions to dismiss was July 15, 2016.

On July 5, 2016, Impala filed an unopposed motion for extension of time to July 29, 2016

to respond to the defendants' motions to dismiss.  (Docket No. 30).  By Order dated July 6, 2016,

the Court granted Impala's motion.  (Docket No. 33).

On July 28, 2016, the Court entered an Order (Docket No. 39) which stated in part:

> Given entirety of circumstances and indication that Impala
> Platinum Holdings and Impala Refining Services Limited
> (collectively, "Impala") will file an Amended Complaint in Civil
> Action No. 16-1343, Impala is required to state all claims it has,
> against any present party, or additional party, arising out of the
> factual nexus of the above-captioned cases in its Amended
> Complaint.  This Amended Complaint shall be filed no later than
> Tuesday, August 2, 2016.

(Order, ¶ 1).

The Order further stated:

> Because of overlapping and sometimes duplicative issues in
> the various cases, it is likely after decision on any motions to
> dismiss, that the cases will be consolidated.  Counsel are invited to
> submit their suggestions on consolidation.

(*Id.*, ¶ 5).

In accordance with the Court's Order, Impala filed its Amended Complaint on August 2,

2016 (Docket No. 40).

On August 3, 2016, the Court entered an Order (Docket No. 41) directing Impala to file a

motion for leave to assert its claims against Mr. O'Hayer by August 10, 2016.

### III.   **Allegations About Mr. O'Hayer and Mr. Seth in the Amended Complaint**

####    a.   **Mr. O'Hayer**

Starting on May 29, 2015 and continuing through the present, Mr. O'Hayer has been an officer of A-1 Specialized Services & Supplies, Inc. ("A-1").  Amended Complaint, ¶ 18.[3]  The settlement agreements and related documents dated May 29, 2015 (*see* footnote 2, *supra*) were executed by Mr. O'Hayer on behalf of A-1 on that day. This was the day after Mr. Seth resigned as CEO of A-1.  *Id.*, ¶¶ 17-18, 161.  Accordingly, it appears that Mr. O'Hayer became an officer of A-1 for the purpose of executing the May 29, 2015 agreements on behalf of A-1, and for executing the subsequent settlement agreements and related documents between A-1 and its shareholder/directors and Alliance on September 15, 2015.  Mr. Seth resumed his role as CEO, or co-CEO, of A-1 within days after Mr. O'Hayer executed the additional settlement agreements and related documents on September 15, 2015.  This timing certainly suggests that Mr. Seth would not execute any of these agreements, and accordingly removed himself from officer status over the period in which these agreements were executed by A-1.

Since A-1 has been insolvent throughout that period of time, Mr. O'Hayer, as an officer of A-1, owed a fiduciary duty to A-1's creditors, including Impala, to preserve the assets of A-1 for fair and equitable distribution to the creditors.  *Id.*, ¶ 129.

Mr. O'Hayer breached his fiduciary duties as an officer of A-1, by entering into confidential settlement agreements as an officer of A-1, to resolve the Bucks County Action, the New Jersey Action, and the Alliance Action, which relieved or reduced Suresh's and Kumar's obligations to A-1, while requiring A-1 to make large settlement payments to its shareholders and related parties, including $10 million to Om, $1.5 million to Leena, and $35.6 million to Alliance, and to give its shareholders Om and Leena and related party Alliance priority security interests in

---

[3] A-1's By-Laws were amended on May 29, 2015 to provide, *inter alia*, that A-1's General Counsel would be an officer of the corporation.  A copy of the amendment is attached hereto as Exhibit 7.

6

A-1's assets, in amounts which exceeded A-1's current total assets, at a time when A-1 could not satisfy financial obligations to its creditors. *Id.*, ¶ 135.

In his Declaration, Exhibit 1 to the Memorandum of Law in Support of Defendant A-1 Specialized Services and Supplies, Inc.'s Motion to Vacate Arbitration Award in case No. 2:13-cv-02930 (Docket No. 46), Mr. O'Hayer states that he first began performing services for A-1 in September 2004, and that beginning in June 2013 he started supervising the work of other counsel representing A-1, and advising A-1 on general corporate matters. (O'Hayer Declaration, ¶ 2). Accordingly, Mr. O'Hayer was very knowledgeable about the affairs of A-1, including its insolvency and the blatant conflicts of interest which its shareholder/directors had in approving the settlement agreements and related documents. The shareholder/directors -- who were the only directors during the period of time in which these agreements were executed by A-1-- were acting in concert to carve up the assets of A-1 for themselves and prevent the legitimate creditors of A-1 from having any recourse.  Mr. O'Hayer could not rely on approval of these agreements by the shareholder/directors when he executed the agreements, because the shareholder/directors were legally incapable of approving or consenting to the agreements and transactions.  *See Brown v. Presbyterian Ministers Fund*, 484 F. 2d 998, 1005 (3d Cir. 1973) ("We decline to accept the position that approval by the shareholders, officers, and directors of a closely held corporation will free an officer thereof, acting with knowledge of the corporation's insolvency, and on the very morning of the institution of bankruptcy proceedings, to appropriate corporate opportunities (or, for that matter, any corporate assets) to the detriment of the corporation's creditors.").

By executing the settlement agreements in May 2015 and September 2015 as an officer of A-1, Mr. O'Hayer breached his fiduciary duties to A-1's creditors, and aided and abetted the conspiracy pursuant to which the shareholder/directors of A-1 (Suresh, Kumar, Om, and Leena

Khosla) violated their fiduciary obligations and converted all of the assets of A-1 for themselves, and for the corporation that was Kumar's alter ego, Alliance, knowing that A-1 was insolvent. *Id*., ¶¶ 64, 65, 68, 153. Mr. O'Hayer acted with knowledge of this conspiracy. *Id.*, ¶¶ 159-160. In addition, Mr. O'Hayer substantially caused A-1's deepening insolvency by causing A-1 to go into additional debt, to forgive financial obligations of shareholders to A-1, and to incur new financial obligations, including the settlement agreements, security interests and promissory notes A-1 gave to its shareholder/directors and to Alliance. *Id.*, ¶¶ 190, 192.[4]

**b. Mr. Seth**

Mr. Seth is the son of the sister of Suresh, Kumar, and Om Khosla. *Id.*, ¶ 17. He was the CEO of A-1 from July 2014 to May 2015. *Id.* Mr. Seth resigned as the CEO of A-1 the day before A-1 entered into the May 29, 2015 confidential settlement agreement. *Id.*, ¶ 161. He returned to his position as the co-CEO of A-1 within several days after A-1 entered into the September 15, 2015 confidential settlement agreement. *Id.* Mr. Seth was the co-CEO of A-1 from September 18, 2015 to early February 2016, and he has remained as co-CEO or sole CEO of A-1 to the present. *Id.*, ¶ 17. On information and belief, Mr. Seth became a director of A-1 in February 2016. *Id.* Seth is the single non-shareholder director of A-1. *Id.*, ¶¶ 122, 124.

As CEO of A-1, and later as CEO and director of A-1, Mr. Seth participated in a conspiracy pursuant to which A-1's shareholder/directors agreed among themselves (1) to have A-1 pay to themselves salaries when they were not performing work, or excessive salaries for minimal work, including during the period of A-1's insolvency (*id.*, ¶¶ 69, 72), and (2) that they would not place A-1 in bankruptcy, even though A-1 was insolvent, because to do so would cause them to lose the

---

[4] As the "Board Designated Signatory," O'Hayer also executed on behalf of A-1 the May 26, 2015 Employment Agreement between A-1 and Kumar, whereby A-1 agreed to employ Kumar as its Chairman and co-CEO, at an annual salary of $240,000. A copy of the Employment Agreement is attached hereto as Exhibit 8.

judgments, security interests, and other unlawful enrichments detailed in the Amended Complaint, and require them to disgorge the payments which they unlawfully obtained, and would defeat their plan to foreclose any recovery by the legitimate creditors of A-1. *Id.*, ¶¶ 70, 72. Mr. Seth's actions, and inactions, also aided and abetted the shareholder/directors in breaching their fiduciary obligations and converting the assets of A-1 for themselves when A-1 was insolvent.

Mr. Seth was the only non-conflicted director of A-1, and, at the very least, took no action to require that the matter of placing A-1 in bankruptcy be decided by one or more non-conflicted directors. The placement of A-1 in bankruptcy would have resulted, *inter alia*, in these alleged obligations to the shareholder/directors being set aside under the preference provisions of the Bankruptcy Code, and other remedies being obtained against the shareholder/directors as a result of their unlawful actions. *Id.*, ¶ 70. Instead of taking action to cause A-1 to be placed in bankruptcy, Mr. Seth further breached his fiduciary obligations to the creditors of A-1, and materially contributed to the deepening insolvency of A-1, by continuing the operations of A-1 as a director and CEO when A-1 was insolvent so as to facilitate the conversion of A-1's assets by its shareholder directors while A-1 was also incurring substantial losses through its continuing operations. *Id.*, ¶¶ 190-91.

It is clear that Impala's claims against Mr. O'Hayer and Mr. Seth are integrally related to their claims against Suresh, Kumar, Om, Leena, and Alliance. The facts underlying the claims against Mr. O'Hayer and Mr. Seth are also facts underlying the claims against these other defendants.

IV.    **Argument**

      a. **Under Fed. R. Civ. P. 15(a)(1)(B), Impala Was Entitled to Amend Its Complaint as a Matter of Course to Add Mr. O'Hayer and Mr. Seth as Party Defendants**

### i.  In this Circuit, Rule 15(a)(1)(B) Trumps Rule 21

#### 1.  The Rules

The issue is whether Fed. R. Civ. P. 15 (which governs amendments to pleadings) or Fed. R. Civ. P. 21 (which governs adding or dropping parties) controls when a plaintiff amends its complaint to add additional party defendants.  In this Circuit, the Court have held that Rule 15 trumps Rule 21, and that a plaintiff's ability to amend its complaint as of right includes the ability to add or drop party defendants.

Rule 15 provides, in relevant part:

> **(a) Amendments Before Trial.**
>
> > **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
> >
> > > (A) 21 days after serving it, or
> > >
> > > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

Rule 15 thus provides that "A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)."  As set forth in the Procedural History section above, defendants filed their Rule 12(b) motions to dismiss on June 21, and served them via ECF, which means that they were deemed served on June 24 pursuant to Fed. R. Civ. P. 6(d) and Eastern District Local Rule 8(e).  The original deadline for Impala to amend its complaint as a matter of course was July 15, 21 days after June 24.  That deadline was extended to July 29 by the Court's Order of July 16 (Docket No. 33), and then to August 2 by the Court's Order of

10

July 28 (Docket No. 39).  "[T]he Court has the authority to extend both the time period for filing

an opposition to a motion and the 21–day time period for filing an amended complaint as a matter

of course under Rule 15." *Hayes v. District of Columbia*, 275 F.R.D. 343, 345 (D.D.C. 2011).  *See*

*also* Fed. R. Civ. P. 6 (Rule 15 not among enumerated exceptions to rule that "[w]hen an act may

or must be done within a specified time, the court may, for good cause, extend the time").

> Rule 21 provides:

> > Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.

> As a leading treatise notes, Rule 15(a)(1)(B) and Rule 21 appear to conflict where, as in

this case, a party seeks to amend its complaint "as a matter of course" to add additional parties

defendant:

> > One difficulty has arisen in situations to which both Rules 15 and 21 appear to apply. This occurs when a plaintiff attempts to change a party or parties in an action by means of an amendment "as a matter of course" under Rule 15(a). The question is whether the amendment, even though within the ambit of Rule 15(a), requires a motion, as would be true if relief were sought under Rule 21.

7 C. Wright, A. Miller, M. Kane R. Marcus, A. Spencer, and A. Steinman, *Federal Practice and*

*Procedure* § 1688 (3d ed. 1998) (footnote omitted).

> The authors of the treatise acknowledge that "[m]ost courts have held that the specific

provision relating to joinder in Rule 21 governs over the more general text of Rule 15, and that an

amendment changing parties requires leave of court even though made at a time when Rule 15

indicates it could be done as of course." *Id.*  However, the authors also express their disagreement

with the holdings of those courts.  6 C. Wright, A. Miller, M. Kane R. Marcus, A. Spencer, and A.

Steinman, *Federal Practice and Procedure* § 1479 (3d ed. 1998) (footnote omitted).

11

## 2.  Case Law in the Third Circuit

Regardless of the majority view discussed above, the law in this Circuit is that Rule 15(a)(1)(B) trumps Rule 21, and that an amendment as of course changing parties therefore does **not** require leave of court.  In *Booth v. King*, 228 Fed. Appx. 167 (3d Cir. 2007), the Court of Appeals reversed a District Court decision denying the plaintiff leave to amend his complaint to add an additional defendant.[5]  The Court of Appeals based its decision on the fact that "Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff to amend his complaint once, without leave of court, 'at any time before a responsive pleading is served ...,'" and that "none of the defendants had filed responsive pleadings" by the time the plaintiff filed his motion for leave to amend.  *Id.* at 170.  Thus, the plaintiff was entitled to amend his complaint "as a matter of course," without leave of court, to add an additional party defendant.

Although the *Booth* Court did not expressly discuss Rule 21, it could not have reached the result that it did without finding that the right to amend "as a matter of course" under Rule 15(a)(1)(B) includes the right to amend to add additional party defendants.  Moreover, District Courts within this Circuit that have expressly considered the interplay between Rule 15(a)(1)(B) and Rule 21 have reached the same conclusion.

In *Ahmad v. Independent Order of Foresters*, 81 F.R.D. 722 (E.D. Pa. 1979), aff'd, 707 F.2d 1399 (3d Cir. 1983), plaintiffs filed a complaint alleging individual claims, and then an amended complaint that added class action allegations.  Defendant moved to strike the amended complaint, arguing that plaintiffs had violated Rule 21 because the court had not granted plaintiffs leave to add new parties (members of the putative class).  The Court denied defendants' motion,

---

[5] The Court of Appeals noted that the *pro se* plaintiff, a prison inmate, had filed a motion for leave to amend, even though he "could have filed the amended complaint without the District Court's permission."  *Id.* at 170.

holding that even if members of the putative class could be considered "parties," plaintiffs had the right to amend the complaint as a matter of course to add new parties under Rule 15. The Court cited *De Malherbe v. International Union of Elevator Constructors*, 438 F. Supp. 1121 (N.D.Cal.1977), for the proposition that "Rule 15 prevails when a plaintiff adds parties before a responsive pleading is served." 81 F.R.D. at 728. The Court concluded:

> In our case, all that the plaintiffs have done is to begin their lawsuit again by filing and serving an amended complaint at a time when no answer to the original complaint had been filed. It would serve no useful purpose to require the plaintiffs to seek leave of the court to do that which they could have done without such leave in their original complaint.

*Id.*

In *Viking Metallurgical Corp. v. A. Johnson & Co., Inc.*, 1987 WL 19241 (E.D. Pa. Oct. 28, 1987), plaintiff filed a complaint naming only one corporation ("Johnson") as a defendant, then filed an amended complaint adding an additional defendant ("Johnson Metals"). The Court held that plaintiff was entitled to amend to add the additional defendant as a matter of course, and was not required to seek leave of court to do so:

> Defendants claim that Johnson Metals was improperly joined as a defendant in this action without leave of the Court in violation of Rule 21, Fed.R.Civ.P. However, as correctly pointed out by the plaintiff, the addition of Johnson Metals to this action is controlled by Rule 15(a), ***Fed.R.Civ.P. Rule 15 prevails over Rule 21 when a plaintiff adds a party before a responsive pleading is served***. *Ahmad v. Independent Order of Foresters*, 81 F.R.D. 722, 728 (E.D.Pa.1979), *aff'd* 707 F.2d 1399 (3d Cir.1983).

> Under Rule 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). The amended complaint included both Johnson and Johnson Metals as defendants. Leave of court was not necessary to include Johnson Metals. *See* 6 Wright & Miller, *Federal Practice and Procedure* § 1474.

1987 WL 19241, at ** 3-4 (emphasis added).

13

The District Court for the District of Delaware has reached the same result:

> Standard was entitled to file an Amended Complaint as a matter of right and without leave. Whether a plaintiff may be further permitted to add parties in this manner is an issue which this Court has considered and answered in the affirmative. *See Texas Energy Reserve Corp. v. Dept. of Energy*, 535 F.Supp. 615, 620–21 (D.Del.1982), *aff'd*, 710 F.2d 814 (Temp.Emer.Ct.App.1983); *United States v. Sinclair*, 347 F.Supp. 1129 (D.Del.1972), *appeal dismissed*, 498 F.2d 847 (3d Cir.1974).

*Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 259 (D. Del. 1992).

There is one decision from the Western District of Pennsylvania, *Banks v. County of Allegheny*, 2007 WL 4192199 (W.D. Pa. Nov. 25, 2007), declining to follow the Third Circuit's *Booth* opinion and instead following Seventh Circuit precedent holding that that leave of court is required before filing an amended complaint adding new parties, even if no pleading responsive to the original complaint has been filed. *See id.* at * 2. However, although the amended complaint in *Banks* sought to add both one additional plaintiff and one additional defendant, the Court's decision focused on the logistical problems caused by the attempt to add the additional *plaintiff*, and the Court *allowed* the amendment to add the additional defendant.

As detailed in an earlier opinion in the case – *Banks v. County of Allegheny*, 2007 WL 2905726 (W.D. Pa. Sept. 30, 2007) – the three original plaintiffs had all been inmates at the Allegheny County Jail ("ACJ"). *Id.* at * 1. By the time that one of the plaintiffs, Banks, filed the amended complaint, they had been transferred to three different prisons in Indiana, Mississippi, and Pennsylvania. *Id.* at * 2. The additional plaintiff, Maydak, had once also been an inmate at ACJ, but was living overseas by the time that Banks attempted to add him in his amended complaint. *Id.* at * 1. The Court held that because of the logistical problems, each of the plaintiffs would have to pursue his own, separate action – and, thus, that Banks could not add Maydak as an

14

additional plaintiff in his case.  *Id.* at * 3.  However, the Court denied the motion to dismiss filed

by the additional defendant that had been named for the first time in Banks' amended complaint.

*Id.* at * 4.  Thus, nothing in *Banks* suggests that this Court should deny Impala leave to assert the

claims against Mr. O'Hayer and Mr. Seth set forth in Impala's Amended Complaint.

### ii.  The Same Holds True in Other Federal Jurisdictions

Many federal courts outside of the Third Circuit have also held that Rule 15(a)(1)(B)

trumps Rule 21, and that the right to amend as a matter of course therefore includes the right to

add additional parties defendant.  *See*, *e.g.*, *Nattah v. Bush,* 605 F.3d 1052, 1056 (D.C. Cir. 2010)

(holding that district court erred in not considering plaintiff's amended claims to add an additional

defendant when amendment was made as a matter of right under Rule 15(a)(1)); *U.S. ex rel.*

*Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018 (10th Cir. 1994) (reversing district court's

refusal to allow amendment based on Rule 21 and holding that "Rule 15(a) governs the addition

of a party."); *McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 872-73 (5th Cir. 1976)

(reversing district court's dismissal of amended complaint based on Rule 21 and holding that

plaintiff could amend complaint and add additional defendants without leave of court before

service of responsive pleading by original defendant), *vacated in part on other grounds*, 545 F.2d

919 (5th Cir. 1977); *Nabaya v. Dudeck*, 38 F. Supp. 3d 86, 93 (D.D.C. 2014) (plaintiff entitled to

amend complaint to add new defendant as of right under Rule 15(a)); *Singh v. Prudential Ins. Co.*

*of America, Inc.*, 200 F. Supp. 2d 193, 196-97 (E.D.N.Y. 2002) (plaintiff entitled to amend

complaint to add additional defendants as of right); *Matthews Metal Prods., Inc. v. RBM Precision*

*Metal Prods., Inc.*, 186 F.R.D. 581, 583 (N.D. Cal. 1999) ("the more persuasive reasoning supports

the conclusion that leave of court is not required for an amendment adding a party prior to the

filing of a responsive pleading."); *Ocean Breeze Festival Park, Inc. v. Reich*, 200 F. Supp. 2d 193,

199 (E.D. Va. 1994) (plaintiffs entitled to amend to add additional defendants as a matter of right, where no responsive pleading had been served); *Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc.*, 750 F. Supp. 487, 493 (M.D. Fla. 1990) ("Under Rule 15, Fed.R.Civ.P., parties may be added or dropped when an amendment is made to a complaint as a matter of course."); *Adams v. Lederle Laboratories*, 569 F. Supp. 234, 240 (W.D. Mo. 1983) ("the more persuasive cases hold that, when applicable (that is, prior to the time a responsive pleading has been filed), the first sentence of Rule 15(a) governs with respect to all amendments of the complaint, whether in adding or dropping parties or otherwise. Accordingly, under the federal rules the addition or dropping of parties, if accomplished by an amendment (or a new complaint) which is filed within the time frame covered by Rule 15(a), does *not* require an order of court.") (emphasis in original); *City Bank v. Glenn Constr. Corp.*, 68 F.R.D. 511, 513 (D. Haw. 1975) (plaintiff entitled to amend complaint to drop defendant as a matter of right where no responsive pleading had been filed).

### b. Even if Rule 21 Governed, Impala Would Still Be Entitled to Add Mr. O'Hayer and Mr. Seth as Party Defendants

#### i. The Court's July 28, 2016 Order Has Already Satisfied the Requirements of Fed. R. Civ. P. 21

Finally, even if Impala was not entitled to amend its Complaint to add Mr. O'Hayer and Mr. Seth as parties defendant as a matter of course Fed. R. Civ. P. 15(a)(1)(B), Impala should nonetheless be permitted to do so pursuant to Fed. R. Civ. P. 21.

Rule 21 provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." By its July 28, 2016 Order, the Court not only allowed Impala to amend its complaint to assert any claims against additional defendants; the Court specifically directed Impala to do so:

16

> Given entirety of circumstances and indication that Impala Platinum
> Holdings and Impala Refining Services Limited (collectively,
> "Impala") will file an Amended Complaint in Civil Action No. 16-
> 1343, Impala is required to state all claims it has, against any present
> party, or additional party, arising out of the factual nexus of the
> above-captioned cases in its Amended Complaint. This Amended
> Complaint shall be filed no later than Tuesday, August 2, 2016.

(Order, ¶ 1). Impala respectfully submits that the July 28, 2016 Order satisfies the requirements

of Rule 21.

### ii.  To the Extent Any Further Order Is Necessary, the Court Should Grant Leave to Impala to Assert Claims Against Mr. O'Hayer and Mr. Seth

#### 1.  <u>Standard Applicable to Motions for Leave to Amend</u>

If any further Court Order is necessary, the Court should grant Impala leave to assert the

claims against Mr. O'Hayer and Mr. Seth set forth in the Amended Complaint. Rule 15(a) dictates

that leave to amend "shall be freely given when justice so requires." The Rules are liberally

construed in favor of allowing proposed amendments, consistent with the goal of ensuring that all

related claims are litigated in a single action. *Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

Leave to amend to add additional defendants should be granted where the plaintiff has stated bona

fide, independent claims against the additional defendants that are related to the claims asserted

against the original defendants. *Charal v. Andes*, 77 F.R.D. 497, 498 (E.D. Pa. 1978).

In *Foman*, the Supreme Court identified the factors a District Court should consider in

deciding a motion for leave to amend:

> In the absence of any apparent or declared reason – such as undue
> delay, bad faith or dilatory motive on the part of the movant,
> repeated failures to cure deficiencies by amendments previously
> allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of the amendment, etc. – the
> leave sought should, as the rules require, be 'freely given.'

371 U.S. at 182.

17

The same standards, *i.e.*, (1) the absence of undue delay, bad faith or dilatory motive, (2) whether amendment will result in undue prejudice, and (3) whether amendment is futile, also apply to amendments under Rule 21. *Wolfson v. Lewis*, 168 F.R.D. 530, 533 (E.D. Pa. 1996) ("[T]he same standards apply under Rules 15(a), 15(d) and 21.  The court, in its discretion, shall freely grant such requests when justice so requires."); *AMP, Inc. v. Methode Electronics, Inc.*, 823 F. Supp. 259, 269-70 (M.D. Pa. 1993) (in the Third Circuit, "the standard for adding or dropping parties under Rule 21 is the same as the standard for amending the pleadings under Rule 15") (internal quotation omitted).  These standards require that Impala be granted leave to assert the claims against Mr. O'Hayer and Mr. Seth set forth in Impala's Amended Complaint.

## 2.   <u>There Has Been No Undue Delay</u>

First, Impala has not engaged in any undue delay, and filed the Amended Complaint in a timely fashion.  As detailed above, Impala agreed to extensions of time that gave the defendants nearly three months (from the filing of the original Complaint on March 23, 2016 to the filing of defendants' motion to dismiss the Complaint on June 21, 2016) to respond to the original Complaint.  Pursuant to Fed. R. Civ. P. 6(d) and 15(a)(1)(B), the original deadline for Impala to amend the Complaint in response to the motions to dismiss was July 15, 2016.  Defendants agreed to a two-week extension of that deadline, to July 29, 2016, and then the Court added four additional days when it ordered Impala to file an Amended Complaint by August 2, 2016.  Impala complied with the Court's deadline and filed the Amended Complaint on August 2, 2016.  The Court then gave Impala seven days to file a motion for leave to assert claims against Mr. O'Hayer, and Impala has complied with that deadline as well.

Even if Impala had engaged in any delay, "[i]n the Third Circuit, delay alone does not justify denying a motion to amend. . . .  Rather, it is only where delay becomes 'undue,' placing

18

an unwarranted burden on the court, or … 'prejudicial,' placing an unfair burden on the opposing party, that denial of a motion to amend is appropriate." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 255 (E.D. Pa. 2012). *See also Adams v. Gould*, *Inc.*, 739 F.2d 858, 868 (3rd Cir. 1984) ("The passage of time, without more, does not require that a motion to amend a complaint be denied . . ."), *cert. denied*, 469 U.S. 1122 (1985); *Wausau Underwriters Ins. Co. v. Shisler*, 190 F.R.D. 341, 344 (E.D. Pa. 1999) ("undue delay refers to delay in the proceedings, not to delay in amending the pleadings"), *citing Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 939 (3rd Cir.), *cert. denied*, 469 U.S. 871 (1984).

### 3.   Defendants Will Not Be Prejudiced by the Amendment

Second, the proposed amendments will not unduly prejudice the defendants.   "Only where 'the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation' may the court deem it prejudicial." *Synthes*, 81 F.R.D. at 227. "To state a cognizable claim of prejudice, the defendant must establish that it would be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered' had the allegations in the amended complaint been timely made." *Id.* at 228 (internal quotation omitted). "Even when a proposed amended complaint adds substantive allegations against a defendant or adds new defendants, where such new defendants are related to the existing ones or where 'the evidence required to meet these new allegations is substantially similar to that which was originally required,' prejudice does not exist." *Id.*

Allowing Impala to assert claims against Mr. O'Hayer and Mr. Seth would not change the theory of Impala's case.  The claims against Mr. O'Hayer and Mr. Seth in the Amended Complaint – breach of fiduciary duty (Count Three), aiding and abetting (Count Five), and deepening

insolvency (Count Eight) – are all also asserted against other defendants, including Om, Suresh, Kumar, and Leena Khosla.  Since discovery has not yet begun, the addition of Mr. O'Hayer and Mr. Seth will not create any unreasonable, unduly burdensome, duplicative or unforeseen discovery expenses, and Mr. O'Hayer and Mr. Seth will not be at any disadvantage as a result of not being named in the original Complaint. The facts set forth in Impala's Amended Complaint are all already known to the existing and proposed new defendants, since these facts appeared in their pleadings and documents filed in the other cases involving A-1 in which they participated, and/or in the settlement documents they negotiated and signed.  And, Impala could have asserted its claims against Mr. O'Hayer and Mr. Seth in a separate lawsuit or lawsuits, and then moved to consolidate those cases with the existing cases involving the other defendants.  Indeed, the Court has on several occasions acknowledged the desirability of litigating all claims against all defendants in the three existing cases (most recently in the August 3, 2016 Order directing Impala to file this motion).

### 4.  The Proposed Claims Against Mr. O'Hayer and Mr. Seth Are Not Futile

Finally, leave to amend should be granted because the proposed amendments involving Mr. O'Hayer and Mr. Seth are not futile.  In the context of a motion for leave to amend, "[f]utility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. . . .  Given the liberal standard for the amendment of pleadings, however, courts place a heavy burden on opponents who wish to declare a proposed amendment futile.  If a proposed amendment is not clearly futile, then denial of leave to amend is improper." *Synthes*, 281 F.R.D. at 229 (emphasis in original, internal citations omitted, citing 6 Wright, Miller & Kane, Federal Practice & Procedure § 1487 (2d ed. 1990)).  *See also Shane v. Fauver*, 213 F.3d 113, 115 (3rd

Cir. 2000) ("in assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)").  In the Amended Complaint, Impala has stated sufficient facts to set forth claims against Mr. O'Hayer and Mr. Seth for breach of fiduciary duty, aiding and abetting, and deepening insolvency.

The primary arguments raised in the motions to dismiss the original Complaint focused on statutes of limitations.  Regardless of the merit (or lack thereof) of those arguments, the claims asserted against Mr. O'Hayer and Mr. Seth in the Amended Complaint do not present any statute of limitations issues, as Mr. O'Hayer did not become an officer of A-1 until May 29, 2015, and Mr. Seth did not become an officer of A-1 until July 2014, and did not become a director of A-1 until February 2016.

## V.      Conclusion

For the foregoing reasons, Impala Platinum Holdings Limited and Impala Refining Services respectfully request that the Court grant their Motion, and allow them to assert the claims asserted against Mr. O'Hayer and Mr. Seth set forth in the Amended Complaint.

Respectfully submitted,

  s/Richard L. Bazelon
Richard L. Bazelon, Esq.
PA ID No. 02505
Lisa A. Barton, Esq.
PA ID No. 78139
Michael F.R. Harris, Esq.
PA ID No. 56948
BAZELON LESS & FELDMAN, P.C.
One South Broad Street, Suite 1500
Philadelphia, PA 19107
Tel. (215) 568-1155

21

Date:   August 10, 2016

# EXHIBITS 1-8

# FILED UNDER SEAL