## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IMPALA PLATINUM HOLDINGS LIMITED, et al.**<br><br>v.<br><br>**A-1 SPECIALIZED SERVICES AND SUPPLIES, INC., et al.** | **CIVIL ACTION**<br><br>**NO.  16-1343** |

**Baylson, J.**                                                      **December 15, 2016**

### MEMORANDUM RE: IMPALA'S MOTION TO OVERRULE OM P. KHOSLA'S CLAIM OF PRIVILEGE

The Court has reviewed the documents submitted *in camera* by Defendant Om P. Khosla ("Om") as requested in Plaintiffs' Motion to Overrule Defendant Om P. Khosla's Claim of Attorney Client and Joint Defense Privilege and to Compel Production of Documents (ECF No. 149).

I.   Om relies primarily on the joint defense privilege.  "The joint defense privilege protects communications between an individual and an attorney for another when the communications are 'part of an on-going and joint effort to set up a common defense strategy.'" Matter of Bevill, Bresler & Schulman Asset Mgmt. Corp., 805 F.2d 120, 126 (3d Cir. 1986) (quoting Eisenberg v. Gagnon, 766 F.2d 770, 787 (3d Cir. 1985)).

II.  "In order to establish the existence of a joint defense privilege, the party asserting the privilege must show that (1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived." Id. at 126.

1

CC: Legal

III.     Impala argues that Om has not proved the existence of a joint defense effort and that even
         if he has, the privilege was waived.  ECF No. 149, Pls.' Mot. at 3; ECF No. 163, Pls.'
         Reply at 6-11.

IV.      Although the Third Circuit has not specifically ruled on how similar the legal interests at
         issue must be in order for them to qualify as "common interests" for purposes of
         application of this privilege, it stated in In re Teleglobe Comms. Corp., 493 F.3d 345 (3d
         Cir. 2007) that "the leading approach" is that held in Duplan Corp. v. Deering Milliken,
         Inc., 397 F. Supp. 1146 (D.S.C. 1974):

                  "A community of interest exists among different persons or separate corporations
                  where they have an identical legal interest with respect to the subject matter of a
                  communication between an attorney and a client concerning legal advice . . . The
                  key consideration is that the nature of the interest be identical, not similar, and be
                  legal, not solely commercial."  Id. at 1172 (emphasis added).

V.       An identical common legal interest existed between A-1 and the individual defendants
         with respect to the London Court of International Arbitration ("LCIA") matter,
         notwithstanding the adversarial nature of A-1's and the individual defendants'
         relationships outside of the context of the LCIA proceeding.

VI.      Furthermore, Om has not waived the privilege.  Although a party may waive the joint
         defense privilege "where one of the joint defendants becomes an adverse party in a
         litigation," this principal does not apply in this case.  In re Sunrise Secs. Litig., 130
         F.R.D. 560, 573 (E.D. Pa. 1989) (quoting Ohio-Sealy Mattress Mfg. Co. v. Kaplan, 90
         F.R.D. 21, 29 (N.D. Ill. 1980)) (internal quotations omitted); Secs. Investor Prot. Corp v.
         Stratton Oakmont, Inc., 213 B.R. 433 (Bankr. S.D.N.Y. 1997) (joint defense privilege
         waived in a subsequent controversy between joint clients).

VII.    The fact that Om engaged in separate litigation against other members of the common interest group does not waive the joint defense privilege as to communications in furtherance of the LCIA defense.

VIII.    Impala cites In re Sunrise Secs. Litig. for the proposition that Om's suit against the other defendants waives the joint defense privilege. Pl.'s Mot. at 9. But, in that case, the joint defense privilege was waived because the members of the joint defense agreement were adversaries in the litigation pending before the court. In re Sunrise Secs. Litig., 130 F.R.D. at 573-74. Likewise, if Om were adversarial to the other defendants in this matter, then he would not be able to assert the joint defense privilege. But, the fact that he is adversarial to them in other matters does not result in waiver.

IX.    In conclusion, these documents are protected by the joint defense privilege because they are between and among the attorneys for A-1 and the attorneys for the individual defendants, and they are in furtherance of the LCIA matter's defense.