IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IMPALA PLATINUM HOLDINGS LIMITED, et al.<br><br>v.<br><br>A-1 SPECIALIZED SERVICES AND SUPPLIES, INC., et al. | CIVIL ACTION<br><br>NO. 16-1343 |

Baylson, J.                                                                                                               January 13, 2017

### MEMORANDUM RE: LOG OF PRIVILEGED DOCUMENTS

The issue presented in this complex commercial litigation is whether the Court should require Defendants to prepare a log of certain attorney-client communications after litigation was filed. Although Federal Rule of Civil Procedure 26(b)(5) requires that a log be prepared and served of privileged documents not being produced, that requirement generally does not apply to communications between a client and counsel after litigation has been filed. Otherwise, the obligation of logging communications would require disclosing the strategy being employed in the actual litigation and would be never ending, through trial and appeals, etc. Thus, the usual requirement of preparation of a log ceases as of the date that the case has been filed, and sometimes at an earlier date.

In this case, however, Plaintiffs have asserted that Defendants' conduct continued after the initiation of other litigation. Specifically, Plaintiffs contend that the settlements arrived at in the litigations Defendants were engaged in in New Jersey state court, Bucks County Pennsylvania Court of Common Pleas, and this Court (Alliance v. A-1, Civil Action No. 13-2510), were part of Defendants' wrongful conduct.

The Court held extensive argument on January 12, 2017 regarding Plaintiffs' pending Motion to Require the Shareholder/Director Defendants to Produce Privilege Logs and to

Produce Certain Communications Based on the Crime-Fraud Exception to the Attorney-Client Privilege (ECF No. 150), and as a result concludes that Defendants shall prepare a log for a limited period of time and with special conditions. This log is a necessary precursor for the Court to consider whether the crime-fraud exception applies in this case to negate the privilege.

The principal reason for the Court's ruling relates to the fact that very large sums of money are at stake in this case and Defendant A-1 Specialized Services and Supplies, Inc. ("A-1") had gross receipts of almost $1 billion in certain years, but that, nevertheless, there is substantial evidence on the record from which a jury could conclude that A-1 was insolvent at the time of certain challenged transactions. Plaintiffs assert that a number of distributions were made from A-1 or other sources to defendants in this case, who were officers, directors, and/or shareholders of A-1. Plaintiffs further contend that these distributions occurred despite Defendants' knowledge of A-1's insolvency and Plaintiffs' superior right of recovery, and were made with the intent and purpose of depriving Plaintiffs of assets upon which the judgment in favor of Plaintiffs, which this Court entered, could be satisfied.

The Court emphasizes that it is because of these unique facts and claims that the Court will require a "first step" of Defendants preparing a log, the details of which are set forth in the Order, and will require production of the documents in the log to be subject to *in camera* examination by the Court during the week of January 23, 2017.

Defendants' opposition to Plaintiffs' request for *in camera* review largely rests on King Drug Co. of Florence, Inc. v. Cephalon, Inc., No. 06-1797, 2014 WL 80563 (E.D. Pa. Jan. 9, 2014), an antitrust case in which the plaintiffs alleged that Cephalon violated the Sherman Act due to the terms of certain settlement agreements Cephalon had entered into with various generic manufacturers of Provigil. Id. at *1. The plaintiffs sought to pierce the attorney-client privilege via the crime-fraud exception for communications between Cephalon and its counsel relating to

Cephalon's patent prosecution, based on the court's holding in a related case that Cephalon "had committed inequitable conduct (sometimes called fraud on the Patent Office) in the prosecution of its patent for Provigil . . . through its 'complete concealment of another company's extensive involvement in the product which is the subject of the claimed invention.'" Id. at *1 (quoting Apotex, Inc. v. Cephalon, Inc., No. 06-2768, 2011 WL 6090696, at *27 (E.D. Pa. Nov. 7, 2011)).

In determining whether to apply the exception, the court discussed the level of proof the plaintiffs had to proffer, and noted the "lesser evidentiary showing . . . needed to permit a judge to exercise his discretion to review the documents in camera." Id. at *3 (quoting U.S. v. Zolin, 491 U.S. 554, 569-70 (1989)) (internal quotations omitted). The court then stated that "[t]o satisfy the first element of the exception, the movant must show common law fraud." Id. In support of that statement, the decision cites to Unigene Labs, Inc. v. Apotex, Inc., 655 F.3d 1352, 1358 (Fed. Cir. 2011), which case deals with the specific situation of what level of fraud is necessary to trigger the crime-fraud exception in the patent prosecution context. Indeed, that statement in Unigene is grounded in Walker Process Equip., Inc. v. Food Machinery & Chem. Corp., 382 U.S. 172 (1965), which establishes a test for the fraud necessary to challenge the validity of a patent on fraudulent procurement grounds. Id. at 177. Importantly, in King Drug, the plaintiffs argued that inequitable conduct, not just common law fraud, sufficed under Federal Circuit precedent to trigger the exception, but the court declined to decide which standard was correct and instead resolved the motion by holding that the plaintiffs had failed to show that the communications at issue were "in furtherance of" any alleged fraud. King Drug Co., 2014 WL 80563, at *4.

Therefore, notwithstanding Defendants' argument to the contrary, and especially in light of the recent case of Husky Intern. Electronics, Inc. v. Ritz, 136 S.Ct. 1581 (2016), it is not established in the Third Circuit, outside of the fraudulent patent procurement context, that only

allegations of common law fraud can trigger application of the crime-fraud exception.  See, e.g., Wachtel v. Guardian Life Ins. Co., 239 F.R.D. 376, 380 (D.N.J. 2006) (quoting Madanes v. Madanes, 199 F.R.D. 135, 149 (S.D.N.Y. 2001)) (finding that "[t]he crime-fraud exception is not limited to evidence that supports a finding of common-law fraud," and that instead, "under federal law, the exception can encompass communications and attorney work product 'in furtherance of an intentional tort that undermines the adversary system itself.'").

Furthermore, the two cases cited in the January 12, 2017 letter of Defendants Ashok Kumar Khosla and Alliance Industries Limited do not persuade the Court to deny Plaintiffs' motion, as they are both non-precedential and factually distinguishable.  In Paramount Fin. Comm. v. Broadridge Investor Comm. Solutions, Inc., No. 15-405, 2016 WL 5404462 (E.D. Pa. Sept. 28, 2016), the court deferred decision on the applicability of the crime-fraud exception pending the deposition of certain witnesses.  Id. at *5.  The opinion does not engage in any analysis of the evidentiary showing necessary to establish a right to *in camera* review, nor does it discuss the type of fraud capable of triggering the crime-fraud exception.  Similarly, in Scranton Prods., Inc. v. Bobrick Washroom Equip., Inc., No. 14-853, 2016 WL 3418535 (M.D. Pa. June 2, 2016) and Scranton Prods., Inc. v. Bobrick Washroom Equip., Inc., No. 14-853, slip op. (M.D. Pa. Dec. 8, 2016), the court neither opined on whether a Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA") claim suffices to establish fraud under the crime-fraud exception nor, at least as evident in the opinions, faced a similar factual or evidentiary record to the instant one. For these reasons, the cases do not persuade the Court that *in camera* review of a select group of Defendants' privileged communications is unwarranted under existing Third Circuit precedent.

An appropriate Order follows.

O:\CIVIL 16\16-1343 Impala v. A-1\16cv1343 Memorandum re Mot to Compel Crime Fraud.docx