## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IMPALA PLATINUM HOLDINGS LIMITED, et al.<br><br>v.<br><br>A-1 SPECIALIZED SERVICES AND SUPPLIES, INC., et al. | CIVIL ACTION<br><br>NO. 16-1343 |

Baylson, J.                                                                                                          March 10, 2017

### MEMORANDUM RE: PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EVIDENCE CONCERNING ADVICE OF COUNSEL DEFENSE (ECF 294)

Following jury selection this date, the Court heard argument on the above-captioned motion in limine. As background, it appears that no defendant specifically submitted an affirmative defense about reliance on advice of counsel, although certain defendants did raise the Pennsylvania Business Judgment Rule as an affirmative defense. It appears that this defense was raised in certain motions after discovery had largely, if not entirely, been completed. It further appears that when this defense is raised and considered, it requires a waiver of the attorney client privilege because of the old adage that the "privilege cannot be used as both a sword and a shield" (for which no citation is necessary). Certainly, if Impala had been fully on notice about this defense, it would have sought a specific ruling that the privilege was waived to the extent one of the defendants relied on advice of counsel, and discovery would have taken place on that issue.

In United States v. Traitz, 871 F.2d 368, 382–83 (3d Cir. 1989), the court considered the adequacy of the district judge's charge to the jury on the advice of counsel defense. The charge included the following language: "you must determine whether the defendants relied in good faith on the lawyer's advice after full disclosure to him of all the material facts about how they [appellants] would conduct themselves in the union's conference room." In holding that this charge "fairly and

adequately submitted to the jury" the advice of counsel defense, the court explained the contours of the defense as follows:

> The advice of counsel defense, **based on good faith reliance on an attorney's advice**[,] **requires full disclosure of all the material facts**. It must be remembered that the advice of counsel defense is meant to be **available only to those who, after full and honest disclosure of the material facts surrounding a possible course of action, seek and obtain the advice of counsel on the potential legality of their actions.** The defense is not designed to insulate illegal conduct. Rather, the basis for the defense is that, **in relying on counsel's advice, a defendant lacked the requisite intent to violate the law.**

(internal citations and quotations omitted). The Third Circuit reiterated this articulation of the defense in United States v. Park, 505 F. App'x 186, 189 (3d Cir. 2012).

In Tetris Holding, LLC v. Xio Interactive, No. CV 09-6115 (FLW), 2011 WL 13141049, at *15 (D.N.J. June 20, 2011), the court had the following discussion of the reliance on counsel defense:

> "Although courts have recognized that reliance on advice of counsel may be probative of non-willfulness," a district court is "within its discretion in precluding [a defendant] from relying on advice of counsel[.]" Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1196 (9th Cir. 2001); see also RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co., 845 F.2d 773, 779 (8th Cir. 1988). "The privilege which protects attorney-client communications may not be used as a sword and shield. Where a party raises a claim which in fairness requires disclosure of the protected communications, the privilege may be implicitly waived". Id.; see also Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992); United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991). Indeed, "the court may fashion remedies to prevent surprise and unfairness to the party seeking discovery" such as "**where the party claiming privilege during discovery wants to testify at the time of trial, the court may ban that party from testifying on the matters claimed to be privileged.**" Id. "[A] party waives the attorney-client privilege when the contents of the privileged communications are put in issue by the party asserting the privilege." United States v. McCorkle, 1994 U.S. Dist. LEXIS 8478, *6-7 (N.D. Ill. 1994). "[A] party's use of the attorney-client privilege as a sword to buttress a good faith argument waives that party's ability to use the attorney-client privilege as a shield to protect that party from discovery requests and deposition questions." Id.

In Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863–64 (3d Cir. 1994), the court explained that, in the patent context, "[w]hen the advice of counsel is asserted as a defense by the infringer, the patent owner may explore facts that would make it more probable than not that the

infringer did not rely in good faith on that advice, including for example, what the advice was, when it was given, whether the alleged infringer's conduct suggests he had relied on the advice and whether he had knowledge of facts that would have led him to believe it would not be reasonable to rely on that advice."

Recognizing that such a factual exploration will involve waiver of the attorney-client privilege, the court explained that "[f]inding a waiver of the attorney client privilege when the client puts the attorney's advice in issue is consistent with the essential elements of the privilege.  That is, in leaving to the client the decision whether or not to waive the privilege by putting the attorney's advice in issue, we provide certainty that the client's confidential communications will not be disclosed unless the client takes an affirmative step to waive the privilege, and we provide predictability for the client concerning the circumstances by which the client will waive that privilege. This certainty and predictability as to the circumstances of a waiver encourage clients to consult with counsel free from the apprehension that the communications will be disclosed without their consent." Id.

In United States v. Leadbeater, No. 13-cr-121-1 JBS, 2015 WL 567025, at *10 (D.N.J. Feb. 10, 2015), the court denied the government's request to bar testimony regarding a "reliance-on-counsel" defense a to criminal wire fraud charge.  While the government "anticipated" that the defense "w[ould] not be able to prove that [a defendant] disclosed to his attorney every fact relevant to the formation of the attorney's advice and that he relied on a lawyer's advice in good faith," the court held that the request was premature because the defense had not yet been formally raised.  The court noted that "the Court should not hamstring the defense's ability to raise these issues on cross-examination."

See generally, Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995).

Although the Court will not make a definitive ruling at this time, it appears unlikely that the defense of advice of counsel should be considered.  It is possible that the Court will allow testimony that a specific client consulted counsel, and we know from the record that counsel were involved in the

three settlements. However, there is no evidence in the record that any defendant fully disclosed to counsel all of their underlying facts, which would have been a necessary precedent to admission of evidence concerning advice of counsel.

If defendants can come forward with precedents that warrant admission of this evidence in the procedural context noted above, the Court will consider this issue further.

**BY THE COURT:**

/s/ Michael M. Baylson

**MICHAEL M. BAYLSON
United States District Court Judge**

O:\CIVIL 16\16-1343 Impala v. A-1\16cv1343 Memo re Advice of Counsel Defense.docx