IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IMPALA PLATINUM HOLDINGS LIMITED, et al.**<br><br>v.<br><br>**A-1 SPECIALIZED SERVICES AND SUPPLIES, INC., et al.** | CIVIL ACTION<br><br>NO. 16-1343 |

Baylson, J.                                                                                                                     May 16, 2017

## MEMORANDUM RE: STAY OF EXECUTION

Following a jury trial and verdict in favor of Plaintiffs Impala Platinum Holdings Limited and Impala Refining Services Limited ("Impala") on one claim sounding in fraud, Defendants Ashok Kumar Khosla ("Kumar") and Alliance Industries Limited ("Alliance") moved to stay execution pursuant to Federal Rule of Civil Procedure ("Rule") 62(b)(3). We granted Kumar's and Alliance's motion, pending the resolution of their Rule 59(e) motion. Impala then moved to require Kumar to post as security the assets of A-1 in which Alliance has a secured interest. (ECF No. 370.) Kumar opposed that motion, arguing that security was not required under the relevant law and that if the Court disagreed, the stay should be lifted. (ECF No. 377). For the reasons explained below, the Court determines that security is required and that if Kumar will not post security, the stay will be lifted.

**I.   Background**

This complicated case arising out of the demise of a multimillion dollar business relationship between Impala and Defendant A-1 Specialized Services & Supplies, Inc. ("A-1"), culminated in a seven (7) day jury trial in March, 2017. The jury found Kumar and all other individual defendants liable for violating the constructive fraudulent transfer provision of the

1

Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), and imposed damages of $16 million. (ECF No. 342.) Following trial, Kumar and Alliance filed a motion under Rule 59(e) seeking modification of the judgment entered. (ECF No. 346.) In the same motion, Kumar and Alliance also requested a stay of execution pending the Court's decision on the Rule 59(e) motion. We granted a stay on April 18, 2017 (ECF No. 367), but directed the parties to submit letters to chambers stating the nature of any security which they asserted should be posted as a continuing condition of the stay of execution. The parties submitted letters, and Impala additionally filed a motion to require that the assets of A-1 in which Alliance has a secured interest serve as security for payment by Kumar of the judgment against him. (ECF No. 370.) Kumar and Alliance responded on May 1, 2017 (ECF No. 377) and Impala replied on May 8, 2017 (ECF No. 379).

Our grant of a temporary stay of execution pending the resolution of the Rule 59(e) motion is the current status quo. The briefs on this motion raise close issues under Pennsylvania law. Oral argument is scheduled on all post-trial motions for May 24, 2017. But, the issue of whether to require Kumar to post security in the interim, before the motion is decided, remains, and is pressing. It is the subject of the below analysis.

## II. Legal Standard

A district court may grant a stay pending the disposition of a Rule 59 motion "[o]n appropriate terms for the opposing party's security." Fed. R. Civ. P. 62(b)(3). To obtain a stay, the moving party must demonstrate that the following factors weigh in its favor: (i) its likelihood of success on the merits of its post-trial motion; (ii) whether it will be irreparably harmed absent a stay; (iii) whether the non-moving party will be substantially harmed by the stay; and (iv) whether granting the stay will serve the public interest. Covertech Fabricating, Inc. v. TVM

Bldg. Prod., Inc., No. 13-150, 2015 WL 7348551, at *2 (W.D. Pa. Nov. 18, 2015). "Rule 62 'taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing post-trial motions.'" Gallatin Fuels v. Westchester Fire Ins. Co., No. 02-2116, 2006 WL 952203, at *2 (W.D. Pa. Apr. 12, 2006) (quoting Kinnel v. Mid-Atlantic Mausoleums, Inc., No. 86-6634, 1987 WL 14507, at *4 (E.D. Pa. July 24, 1987)). A court determining whether to order an unsecured stay "should consider the movant's justification for granting a stay without security, as well as the movant's financial position, including whether the movant has shown whether posting a bond or otherwise providing adequate security is impossible or impractical." Id.; see also Bethel v. McAllister Bros., No. 91-2032, 1994 WL 230740, at *1 (E.D. Pa. May 19, 1994) ("A court may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery.") (quoting Silver v. Mendel, No. 86-7104, 1992 WL 163285, at *1 (E.D. Pa. July 8, 1992)).

### III. Discussion

#### a. Parties' Arguments

Here, Impala argues that the requirement for security as a condition for stay of execution is mandatory per Rule 62(b) and (d). (ECF No. 370, Impala Mot., at 3-4.) Impala asserts that unless the assets of A-1, in which Alliance has a secured interest, are held as security for Kumar's obligation to pay the judgment, Kumar may transfer the assets to a foreign jurisdiction. (Id. at 4.) Consequently, Impala asks the Court to order that the assets of A-1 which are subject to a security interest by Alliance be set aside as security for a stay of execution on the judgment against Kumar, in an amount equal to Kumar's liability plus interest. (Id. at 5.)

Kumar responds that it would be inappropriate to require that the personal judgment entered against him be secured by the corporate assets of Alliance without either his or

3

Alliance's consent. (ECF No. 377, Kumar Opp'n, at 2-3.) He further contends that Rule 62(b) permits an unsecured stay pending resolution of post-trial motions, and argues that the instant situation is one in which an unsecured stay is warranted. (Id. at 3-5.) Finally, Kumar asserts that an unsecured stay should remain in place until the Rule 59(e) motion is decided, the judgment amount is finalized, and he has decided whether to appeal. (Id. at 1.) If we determine that a stay cannot continue without security, then Kumar argues that the stay should be lifted. (Id. at 1-2.)

  **b. Analysis**

  Neither party's briefing points to any controlling precedent on this issue. For its part, Impala cites solely to cases turning on an analysis under Rule 62(d) regarding whether a party appealing a judgment must post a supersedeas bond or whether the court should waive the requirement. See, e.g., Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., No. 86-5763, 1992 WL 114953, at *2 (E.D. Pa. May 18, 1992) (discussing the court's power, under Rule 62(d) "to waive the requirement of a supersedeas bond"). As Kumar has not taken an appeal, the requirements of Rule 62(d) are of no moment to the disposition of this motion.

  In his opposition, Kumar cites to several cases examining whether an unsecured stay is warranted under Rule 62(b), but in each case save one, the court denied the motion and required security. For instance, in Gallatin Fuels, where the defendant argued for an unsecured stay because the trial evidence showed he had sufficient personal assets to pay the judgment, the court found security was necessary. Gallatin Fuels, 2006 WL 952203, at *2. Kumar takes a similar position here, stating that we may grant an unsecured stay "in light of Kumar's personal assets, which the Court and Impala both evaluated during trial." Kumar Opp'n at 3. The court in Gallatin found insufficient proof of the defendant's ability to pay the judgment if the post-judgment motions were unsuccessful, because the defendant had only presented a financial

statement for one year with no other documentation of his net worth, and had failed to show that he had secured any of his assets. Gallatin Fuels, 2006 WL 952203, at *2. Similarly, here Kumar relies on a sole document he prepared for submission to the Court in the event the jury was called upon to determine whether he should be liable for punitive damages, which never occurred. This document, in which Kumar described his asset situation, was examined by the Court *in camera* and briefly shown to Impala's counsel and an Impala representative, and then returned to Kumar. It is not sufficiently detailed as to the precise assets or their sole ownership by Kumar, or verified, and cannot be the basis of any determination that the stay can remain in place without security.

The only case cited by Kumar in which the court granted an unsecured stay was Contract Design Group, where the defendant had an appropriation from the Michigan legislature that allowed it "$183.5 million in unrestricted net assets from which it can satisfy a judgment," and where the judgment in the case was $550,000. Contract Design Group, 2014 WL 2892513, at *2. That situation stands in contrast to the instant one, in which, as stated above, Kumar references one financial statement that neither the Court nor Impala had occasion to meaningfully review and that Kumar does not argue lists anywhere near the assets deemed sufficient in Contract Design Group to justify an unsecured stay.

In light of the stringent standard Kumar must meet to prove that "posting a bond or otherwise providing adequate security is impossible or impractical," and having found no case law approving an unsecured stay on similar grounds as present here, we find security is necessary for a stay to remain in place. See Gallatin Fuels, 2006 WL 952203, at *2.

### IV. Conclusion

For the foregoing reasons, the Court finds that in order to continue a stay of execution, Kumar shall either agree to the security suggested by Impala, or post a supersedeas bond in the amount of $13 million. The Court finds this amount is necessary and reasonable in the view of the verdict, and in the event the Court agrees with Impala's legal contentions on allocation, and pretrial and post-judgment interest. Notwithstanding Kumar's post-verdict arguments, as the verdict winner, Impala is entitled to protection and its contentions are entitled to respect at this stage.

An appropriate Order will be entered.

O:\Cecily.2016\Impala v. A-1 (16-1343)\Memo re Stay.docx